IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OSVALDO PUMBA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 22-2082 |
| | : | |
| v. | : | |
| | : | |
| KEITH KOWAL, LILIAN THOMAS, JENNIFER VENDEL, JOHANA SHARPE, and RN Elizabeth, | : : : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 18th day of July, 2022, after considering the following filed by the *pro se* plaintiff, Osvaldo Pumba: (1) the applications for leave to proceed *in forma pauperis* (Doc. Nos. 1, 6); (2) the prisoner trust fund account statements (Doc. Nos. 3, 5); and (3) the complaint (Doc. No. 2); and for the reasons stated in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. The application for leave to proceed *in forma pauperis* (Doc. No. 1) is **GRANTED**, and the plaintiff has leave to proceed *in forma pauperis*;

2. Osvaldo Pumba ("Pumba"), #0200144, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The court directs the Warden of the Lehigh County Jail or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Pumba's inmate account; or (b) the average monthly balance in Pumba's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this order to the court with a reference to the docket number for this case. In each succeeding month when the amount in Pumba's inmate trust

fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the clerk of court equaling 20% of the preceding month's income credited to Pumba's inmate account until the fees are paid. Each payment shall refer to the docket number for this case;

3. The clerk of court is **DIRECTED** to **SEND** a copy of this order to the Warden of Lehigh County Jail;

4. The complaint (Doc. No. 2) is **DEEMED** filed;

5. Pumba's claims Eighth Amendment claim against Keith Kowal based on his alleged failure to adequately protect Pumba from contracting COVID-19 is **DISMISSED WITH PREJUDICE**;

6. The clerk of court is specially appointed to serve written waiver requests on the defendants, Sergeant Keith Kowal, Nurse Lilian Thomas, L.P.N. Jennifer Vendel, L.P.N. Johana Sharpe, and R.N. Elizabeth, pursuant to Federal Rule of Civil Procedure 4(d), to effect waiver of service. The waiver of service requests shall be accompanied by a copy of the complaint (Doc. No. 2) and the waiver shall inform the defendants of the consequences of compliance and failure to comply with the requests. The requests shall allow the defendants at least 30 days from the date they are sent (60 days if addressed outside any judicial district of the United States) to return the signed waivers. If any defendants do not return a signed waiver within the time limit given, the clerk of court shall issue summonses for the defendants who have not waived service and transmit the summonses and a copy of the complaint to the U.S. Marshals Service for immediate service on those defendants;

7. The parties shall file with the clerk of court all original pleadings and other papers submitted for consideration to the court in this case. The parties must serve copies of papers filed in this court upon counsel for all other parties (or directly on any party acting *pro se*). Service may

be made by mail. The parties should file a certificate of service to prove that service has been made. The parties should file the certificate of service in the case along with the original papers, and the certificate should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).
>
> _____
> (Signature)"

8. The parties shall set forth any request for court action in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the clerk of court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Pumba is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal of the case or the court granting the opposing party's motion as uncontested, *see* E.D. Pa. Loc. Civ. R. 7.1(c);

9. Pumba is specifically directed to comply with Local Civil Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute," E.D. Pa. Loc. Civ. R. 26.1(f). Pumba shall attempt to resolve any discovery disputes by contacting the defendants' counsel directly by telephone or through correspondence;

10.     No direct communication is to take place with the United States District Judge or United States Magistrate Judge about this case. All relevant information and papers are to be directed to the clerk of court;

11.     In the event a summons is returned unexecuted, it is Pumba's responsibility to ask the clerk of court to issue an alias summons and to provide the clerk with the unserved defendant's correct address, so service can be made; and

12.     The parties should notify the clerk's office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

                              BY THE COURT:


                              /s/ *Edward G. Smith*
                              EDWARD G. SMITH, J.